UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ANTONIO ADAMS, | ) | |
|---|---|---|
| Movant, | ) | |
| v. | ) | No. 4:11CV1115 HEA |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court upon the motion and amended motion of Antonio Adams to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

On February 1, 2010, movant pleaded guilty to three counts of bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and one count of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1). On May 3, 2010, he was sentenced to 276 months' imprisonment, followed by a five-year term of supervised release. Movant did not file a direct appeal.

Movant seeks to vacate, set aside, or correct his conviction and sentence on the grounds of ineffective assistance of counsel and misapplication of the Sentencing Guidelines.

## Discussion

Rule 4(b) of the Rules Governing § 2255 Cases in the United States District Courts provides that a District Court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(1) and subject to summary dismissal. Movant's conviction became final, at the latest, fourteen days after his May 3, 2010 sentencing. See Fed.R.App.P.4(b)(1). Although it is unclear when the original motion to vacate was mailed to this Court,[1] the Clerk of Court received and filed the motion on June 20, 2011 [Doc. #1]. Thus, it appears that the instant motion to vacate is untimely.

This Court notes that in the section labeled "Timeliness of Motion: If your judgment of conviction became final over one year ago, you must explain why the one-year limitations . . . does not bar your motion," movant responded, "Ineffective Assistance of counsel." Movant's conclusory response claiming ineffective assistance of counsel is insufficient to warrant tolling of the one-year statute of limitations. As such, movant will be ordered to show cause within thirty days of the date of this Order as to why this matter should not be dismissed as untimely.

Accordingly,

**IT IS HEREBY ORDERED** that no order to show cause shall issue at this time as to respondent, because the instant motion appears to be time-barred.

---

[1] As noted in this Court's Order dated June 24, 2011 [Doc. #4], movant initially submitted an incomplete and unsigned/undated § 2255 motion.

**IT IS FURTHER ORDERED** that movant shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant motion as time-barred. Movant's failure to file a show cause response shall result in the denial of the instant motion to vacate and the dismissal of this action as time-barred.

Dated this 3rd day of August, 2011.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE